UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FRANCIS SHANE and MICHAEL WILBON,<br><br>                        Defendants. | No. 23-CR-52 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

    Before the Court is a motion to dismiss Count Seven of the superseding indictment against Defendant Francis Shane for failure to state an offense. Count Seven charges Mr. Shane with violating 18 U.S.C. § 924(c)(1)(A)(i), (ii), which sets forth additional punishment for those who use a firearm in connection with a "crime of violence." In his case—and that of Codefendant Michael Wilbon, who joins the motion—the alleged crime of violence is a violation of 18 U.S.C. § 1951, commonly known as "Hobbs Act robbery." Mr. Shane argues that Count Seven cannot stand because Hobbs Act robbery is not a "crime of violence" following *United States v. Taylor*, 596 U.S. 845 (2022).

    In *Taylor*, the Supreme Court prescribed a categorical approach to determining whether an offense constitutes a "crime of violence": "The only relevant question," it explained, "is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." 596 U.S. at 850. Mr. Shane contends that Hobbs Act robbery does not always require the Government to prove "physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). He reasons that it can instead be committed by either (1) threatening nonphysical injury to property or (2) threatening harm to oneself.

    Dwayne Barrett made those precise arguments in an appeal before the Second Circuit, which recently rejected them as foreclosed by *United States v. McCoy*, 58 F.4th 72 (2d Cir. 2023). *See United*

*States v. Barrett*, No. 21-1379, 2024 WL 2164637, at *15–16 (2d Cir. May 15, 2024). As the Second Circuit held in *McCoy*, "nothing in *Taylor's* language or reasoning . . . undermines this [c]ourt's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)." 58 F.4th at 74. In accordance with *McCoy and Barrett*, the motion to dismiss Count Seven of the superseding indictment is hereby denied.

SO ORDERED.

Dated:   May 22, 2024
         New York, New York

                                              _____
                                              Ronnie Abrams
                                              United States District Judge