UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                                         :

        - v. -                                    :     CONSENT PRELIMINARY ORDER
                                                                OF FORFEITURE/
                                                                :     MONEY JUDGMENT

MICHAEL WILBON,
                                                                :     S1 23 Cr. 52 (RA)

        Defendant.

                                                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about January 30, 2023, MICHAEL WILBON (the "Defendant"), among others, was charged in an eight-count Superseding Indictment, S1 23 Cr. 52 (RA) (the "Indictment"), with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count One), Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Counts Two through Five), brandishing a firearm on December 7, 2022, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) and 2 (Count Six), brandishing a firearm on December 25, 2022, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) and 2 (Count Seven), and with being a felon in possession of ammunition, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 2 (Count Eight);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation as to Counts Six through Eight of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offenses charged in Counts Six through Eight of the Indictment, including but not limited to seven rounds of 9 mm ammunition;

WHEREAS, on or about July 10 , 2024, the Defendant pled guilty to Counts One, Two, and Six of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, and Six of the Indictment and agreed to forfeit to the United States; (i) pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $33,579 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment; and (ii) pursuant to Title 18, United States Code, Section and 924(d)(1), any and all firearms and ammunition involved in or used in the offense charged in Count Six of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $33,579 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants Johnny Houston, Francis Shane, Yahtek Johnson, Shawn Thomas, and Unique Taylor (the "Co-defendants") to the extent forfeiture money judgments are entered against the Co-defendants in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the

Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Katherine Cheng, of counsel, and the Defendant and his counsel, Michael W. Martin, Esq., that:

1.      As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $33,579 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant MICHAEL WILBON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, 26 Federal Plaza, New York, New York 10287 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.      The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          ___7/2/2024___
KATHERINE CHENG                                          DATE
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, New York 10287
(212) 637-2492


MICHAEL WILBON


By: _____          7/10/2024
MICHAEL WILBON                                          DATE


By: _____          7/10/2024
MICHAEL W. MARTIN, ESQ.                              DATE
Attorney for Defendant
Lincoln Square Legal Services, Inc.
150 W 62nd St
New York, NY 10023

SO ORDERED:

_____          July 17, 2024
HONORABLE RONNIE ABRAMS                       DATE
UNITED STATES DISTRICT JUDGE